UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-20208-JAL

JANE DOE, an individual,

    Plaintiff,

v.

CONOR ANTHONY MCGREGOR, an Irish Individual, BASKETBALL PROPERTIES, INC., a Florida Profit Corporation, MIAMI HEAT, Limited Partnership, a Florida Partnership, d/b/a "THE HEAT GROUP;" and COMPASS GROUP USA, a Delaware Profit Corporation,

    Defendants.

_____/

**DEFENDANT COMPASS GROUP USA, INC.'S MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

    Danielle A. Greenberg (FBN 1038864)
    SHOOK, HARDY & BACON, L.L.P.
    201 South Biscayne Blvd., Suite 3200
    Miami, Florida 33131
    T: (305) 358-5171
    E: dgreenberg@shb.com

    Audrey Manito (*pro hac vice pending*)
    Kansas Bar No. 29069
    Missouri Bar No. 73576
    Texas Bar No. 24078815
    SHOOK, HARDY & BACON L.L.P.
    2555 Grand Boulevard
    Kansas City, MO 64108
    Telephone: 816-474-6550
    E: amanito@shb.com

    ***Counsel* for *Compass Group USA, Inc.***

## TABLE OF AUTHORITIES

**Cases**

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................................ 4

Conley v. Gibson, 355 U.S. 41 (1957).......................................................................................... 4

Jackson v. Bank of Am., N.A., 898 F.3d 1348  (11th Cir. 2018) ................................................... 6

Murray v. Governor, Fla., No. 24-10583, 2024 WL 4490325 (11th Cir. Oct. 15, 2024) ....... 5, 7, 8

Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 (11th Cir. 2018)..................................................... 6

Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313 (11th Cir. 2015) .......................... 5, 6

Norris v. Honeywell Int'l, Inc., No. 8:22-CV-1675-CEH-TGW, 2023 WL 6256183 (M.D. Fla.
    Sept. 26, 2023) ........................................................................................................................ 5

Taylor v. Royal Caribbean Cruises Ltd., No. 20-22161-CIV, 2020 WL 3257988 (S.D. Fla. June
    16, 2020) .............................................................................................................................. 5, 7

Wright v. 15th Dist. Palm Beach Cty. State Atty. Office, No. 24-cv-81145-Can, 2024 U.S. Dist.
    LEXIS 227948 (S.D. Fla. Dec. 17, 2024) ....................................................................... 5, 6, 7

**Rules**

Fed. R. Civil. P. 10(b) ……………………………………………………..............1, 2, 5, 6, 7

Fed. R. Civil. P. 12(e) ……………………………………………………………............ 1, 2, 6

## Memorandum of Law

Pursuant to Fed. R. Civ. P. 10(b) and 12(e), Defendant Compass Group USA, Inc. ("Compass") moves for the entry of an Order compelling Plaintiff to file a more definite statement.

Plaintiff's Complaint [ECF No. 1] alleges two counts: one count of Battery against Defendant Conor McGregor, *id.* ¶¶ 32-36, and one count of Gross Negligence against Defendants Basketball Properties, Inc. ("BP"), Miami Heat Limited Partnership ("Heat"), and Compass, *id.* ¶¶ 37-48. As the bases for these counts, Plaintiff alleges that, on June 9, 2023, Defendant McGregor attempted to batter her sexually while both were in a men's restroom inside the Kaseya Center's Courtside Club, following a basketball game. *See generally,* Compl. ¶¶ 13, 28-30. At the time of this incident, McGregor "appeared to [Plaintiff to] be under the influence of intoxicants and out of control." *Id.* ¶ 29. In support of her second count, Plaintiff alleges that "Kaseya Center Staff and Security"[1] were aware of the heightened danger McGregor posed to Plaintiff based on the injuries McGregor inflicted on "Bernie" during the third-quarter break,[2] *see generally id.* ¶¶ 19-21, 24-25 42. The Complaint goes on to allege multiple legal theories as to how the "Kaseya Center Staff and Security" acted negligently toward Plaintiff, *e.g.,* by allowing McGregor "free movement about the Kaseya Center," *id.* ¶ 17; by preventing Plaintiff's acquaintance from entering the

---

[1] In the Complaint, Plaintiff purports to refer to agents of Basketball Properties, Inc., Miami Heat LP, and Compass collectively as "Kaseya Center Staff and Security." For the subsequent reasons, Compass maintains it is improper and violates federal pleading requirements for Plaintiff to refer to all three of these Defendants collectively and jointly in this manner.

[2] As alleged in the Complaint, the actor in the Heat mascot costume ("Bernie") was struck by McGregor during a promotional skit for TIDL pain relief spray performed during the third quarter break in the game. *Id.* ¶ 19. The promotional skit was performed "to generate revenue for Basketball Properties . . . and [the] Miami Heat," *Id.* ¶ 14. McGregor struck "Bernie" twice and sprayed him with the pain relief spray. *Id.* ¶¶ 21-22. After the actor was removed from the court, it was later determined that he needed medical attention. *Id.* ¶ 23. Importantly, "Bernie's" need for medical attention following the planned skit was not publically at the time of the alleged attempted battery on Plaintiff. *Id.* ¶ 25.

bathroom stall, *id.* ¶ 28; by overserving and/or failing to prevent McGregor from consuming alcohol, *id.* ¶¶ 27, 46; and generally by failing to warn and/or protect Plaintiff from McGregor, *see generally, id.* ¶ 47.

Importantly, Count II of the Complaint treats the three defendants, *i.e.,* BP, Heat, and Compass, as *one* cohesive entity, and in doing so, fails to specify what knowledge, acts, and/or omissions it attributes specifically to each of the three. Based on this error, and for the reasons outlined below, Compass respectfully requests an Order be entered requiring Plaintiff to amend her Complaint in order to make explicit the knowledge, actions, and/or omissions she attributes to BP, Heat, and/or Compass specifically.

## LEGAL STANDARD

Pursuant to Rule 10(b), "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b) ; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To the extent a complaint does not meet this baseline standard, the responding party is entitled to request the Court to compel a more definite statement to be filed. Fed. R. Civ. P. 12(e) (parties may motion for a more definite statement where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response.").

Complaints that violate Rule 10(b) (or Rule 8(a)(2), which Compass does not argue here) are infamously known as shotgun pleadings, which have been organized into four rough categories:

> [1] [C]omplaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;]

> [2] [Complaints] "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]
>
> [3] Complaints that do not separate[e] into a different count[s] each cause of action or claim for relief[; and]
>
> [4] [Complaints] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (noting "[t]he unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants ***adequate notice of the claims against them and the grounds upon which each claim rests***") (emphasis added). Plaintiff's Complaint falls into the last category, albeit not neatly.

Where, as here, a complaint lists multiple defendants, Circuit precedent is clear: plaintiffs must sufficiently parse out the applicable legal theories of their claims and likewise sufficiently distinguish which underlying factual allegations and claims are being asserted against each defendant. *Norris v. Honeywell Int'l, Inc.*, No. 8:22-CV-1675-CEH-TGW, 2023 WL 6256183, at *4 (M.D. Fla. Sept. 26, 2023) ("a complaint must allege the acts or omissions ***attributed to each defendant*** or it will be found to violate the pleading rules") (emphasis added); *e.g., Murray v. Governor, Fla.*, No. 24-10583, 2024 WL 4490325, at *3 (11th Cir. Oct. 15, 2024) (affirming dismissal of the complaint for failure to comply with Rule 8 and Rule 10 pleading requirements, in particular, for ***failing to "identify [in each count] which facts are relevant to which defendant, or which defendant committed which alleged violations"***) (emphasis added); *Taylor v. Royal Caribbean Cruises Ltd.*, No. 20-22161-CIV, 2020 WL 3257988, at *1-2 (S.D. Fla. June 16, 2020) (striking count with leave to amend where plaintiff listed multiple theories of defendant's negligence into one count); *Wright v. 15th Dist. Palm Beach Cty. State Atty. Office*, No. 24-cv-

3

81145-Can, 2024 U.S. Dist. LEXIS 227948, at *6-7 (S.D. Fla. Dec. 17, 2024) (dismissing complaint where allegations did not make it clear ***which of the defendants committed the alleged acts in each count***) (emphasis added); *cf. Weiland*, 792 F.3d at 1323-25 (reversing dismissal of two counts that appeared to be shotgun pleadings because the court found the revised complaint to contain adequate notice and supporting factual allegations that the two defendants acted in concert/conspired with one another).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). The Eleventh Circuit has repeatedly held that district courts have discretion to dismiss shotgun complaints and has encouraged such dismissals in order to avoid a cycle of "garbage in, garbage out." *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). For example, in *Wright*, a pro se plaintiff brought claims against the Palm Beach County State Attorney's Office, Sheriff's Office, and the acting Deputy Sheriff for civil rights violations. Across the ten counts alleged, the plaintiff referred to both the Deputy and the Sheriff's Office practically interchangeably in making his allegations. *Id.* at *6 (noting "the Complaint repeatedly refers to the actions of unnamed . . . officers who allegedly violated Plaintiff's rights. Is [the Deputy] among the unnamed officers? It is impossible to tell."). Additionally, though plaintiff had parsed his claims into ten counts, the Court found that each count contained a "hodgepodge of claims" and the legal theories therein were recycled across all the counts. *Id.* at *7. These flaws in the pleading, among other considerations, led the reviewing magistrate judge to recommend that the complaint be dismissed without prejudice as a shotgun pleading.

### ARGUMENT: COMPLAINT DEPRIVES COMPASS OF FAIR NOTICE BY IMPROPERLY TREATING ALL DEFENDANTS IN COUNT II AS ONE, SINGULAR ENTITY

Despite being short and numbered, Plaintiff's Complaint nevertheless operates as a

"shotgun pleading" to the extent it fails to make clear the particular knowledge, acts, and/or omissions that form the bases for Plaintiff's claim for Gross Negligence. Plaintiff attempts to side-step the Rule 10(b) requirement by collectively referring to Defendants BP, Heat, and Compass as "Kaseya Center Staff and Security," and in doing so, glosses over relevant, defendant-specific allegations.

While it may be permissible to allege counts jointly against multiple defendants with respect to a single transaction or occurrence, *see generally* Fed. R. Civ. P. 10(b), such compilation is improper if multiple, distinct theories of breach are alleged within the same transaction. *See Wright*, No. 24-cv-81145-Can, 2024 U.S. Dist. LEXIS 227948, at *6-7; *e.g., Murray v. Governor, Fla.*, No. 24-10583, 2024 WL 4490325, at *3 (11th Cir. Oct. 15, 2024); *Taylor*, No. 20-22161-CIV, 2020 WL 3257988, at *1-2. Here, Plaintiff improperly alleges multiple, distinct transactions collectively against all three Defendants and fails to distinguish any of their individualized alleged acts or omissions. Moreover, as the Complaint does not allege any information about BP, Heat, and Compass aside from their respective states of incorporation—*e.g.,* scope of their respective work and operations in Kaseya Center, relationships between them, *etc.*—and in light of the variety among the alleged negligent acts, there is an inherent ambiguity as to which of the alleged forms of breach Plaintiff attributes to each of these three Defendants.

Consider, for example, the promotional skit for TIDL on which Plaintiff's allegations of actual knowledge of the "heightened risk of battery" by McGregor are based. Compl. ¶ 42. As alleged in the Complaint, the promotional skit was organized for purposes of furthering BP's and Heat's financial interests. *Id.* ¶ 14. Plaintiff does not allege that Compass received any financial benefit for the skit, nor had any involvement in planning or coordinating the skit. Additionally, Plaintiff notes that knowledge of the extent of injury suffered by the actor during the planned skit

5

was not public at the time. *Id*. ¶ 25. Despite not alleging any other factual bases for Compass's involvement with or knowledge of the skit, however, Plaintiff alleges that "[k]nowledge of the "Burnie" actor's injuries were known to [Kaseya Center Staff and Security]," including presumably Compass's agents and employees. Moreover, as this knowledge of injuries "Bernie" suffered is what provides Kaseya Center Staff and Security with the "chargeable knowledge of a heightened risk of battery . . . by McGregor," the questions of "if," "how," and "when" Compass agents and employees became aware of Bernie's injuries are highly relevant for purposes of understanding the scope of Count II's allegations as against Compass. That the Complaint offers no factual allegations specific to Compass's scope of involvement hinders its ability to reasonably respond to the claims made. *See generally* Fed. R. Civ. P. 12(e).

Further, Count II of the Complaint violates Rule 10(b) by impermissibly commingling the alleged acts and omissions of all three Defendants, which Plaintiff contends constituted gross negligence. Plaintiff alleges acts and omissions by "Kaseya Center Staff and Security," but common knowledge (and sense) suggests that the alleged breaches listed under Count II of the Complaint would not naturally be attributable to all three Defendants.[3] Plaintiff's use of the collective term "Kaseya Center Staff and Security" whitewashes the distinction among the three Defendants and deprives Compass of any insights as to the specific alleged involvement of its "agents" and/or employees.[4] As such, Plaintiff denies Compass fair notice as to the actual scope of allegations that Plaintiff is alleging against Compass.

---

[3] For instance, it is highly improbable that the servers allegedly providing McGregor with alcohol and food were also simultaneously "fending off patrons . . . and maintaining a perimeter around [McGregor's] table."

[4] Moreover, the theories of breach alleged in Count II are different enough to merit distinct counts. *Compare* Compl. ¶¶ 27, 46 (alleging breach by virtue of allowing McGregor to be overserved, effectively a dram shop claim) *with id.* ¶¶ 43, 47 (alleging breach by virtue of failing to warn

Lastly, collectively referring to Defendants as "Kaseya Center Staff and Security" is particularly meaningless for purposes of outlining the bounds of Plaintiff's allegations, since BP, Heat, and Compass are three distinct business entities. Compass operates in separate lines of business and areas of the Kaseya Center from BP or Heat, and Plaintiff alleges nothing to suggest that these three Defendants are in any way collectively aligned, save the allegation that they were all motivated by the center's financial gain.[5] *See* Compl. ¶ 41. Plaintiff's attempt to shove all three Defendants under the same umbrella term does not render them the same nor uniformly provide the same foundational bases for any alleged act or omission. Instead, Compass is deprived of fair notice of the actual claims being made against it. This Court should therefore grant this Motion and require Plaintiff to replead.

## CONCLUSION

WHEREFORE, in light of the foregoing reasons, Compass respectfully requests this Court enter an Order requiring Plaintiff to file a more definite statement, in compliance with Rule 10(b), and including the following particulars:

A.  the basis or bases on which each Defendant is alleged to be liable in Count II of Plaintiff's Complaint, *i.e.,* each Defendant's acts or omissions which Plaintiff alleges constituted a breach of duty to her;

---

Plaintiff about and protect her from McGregor); *see generally Murray*, No. 24-10583, 2024 WL 4490325, at *3. These alleged acts are distinct enough as to constitute a separate transaction and to merit separate, distinct counts.

[5] This would be akin to, for example, alleging that airline boarding counters, TSA, and hotel shuttle drivers—i.e., "Miami Airport Staff and Security"— were negligently responsible for misplacing passenger baggage simply because they all work out of the same building, e.g., Miami International Airport. This has no bearing on the acts or omissions attributable to each with respect to the lost luggage. Nor does the fact that each group's respective corporations or agencies would be motivated to promote the overall success of the airport indicate that these groups are coordinated in their roles and/or knowledge.

B.    the alleged relationship(s) of any individuals named in the Complaint to each of the named Defendants; and

C.    the alleged relationship(s) between and among the named Defendants.

SIGNATURES ON NEXT PAGE

Date: February 6, 2025

Respectfully submitted,

*/s/ Danielle A. Greenberg*
Danielle A. Greenberg (FBN 1038864)
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
T: (305) 358-5171
E: dgreenberg@shb.com

Audrey Manito (*pro hac vice pending*)
Kansas Bar No. 29069
Missouri Bar No. 73576
Texas Bar No. 24078815
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Telephone:  816-474-6550
E: amanito@shb.com

**Counsel for *Compass Group USA, Inc.***